**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MISAEL GUZMAN,** | ) | **CV F 04-5786 OWW WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **v.** | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| | ) | |
| **JEANNE WOODFORD, DIRECTOR,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and Local Rule 72-302.

### PROCEDURAL HISTORY

After entering a plea of no contest on November 21, 1997, Petitioner was convicted of two counts of first degree residential robbery (Penal Code § 211) with enhancements for sue of a firearm (Penal Code § 12022(a)(1)); one count of assault with a deadly weapon likely to result in great bodily injury (Penal Code § 245(a)(1)); one count of vehicle theft

(Veh. Code § 1085(a)); one count of arson of a vehicle (Penal Code § 451(d)); and one count of impersonation of a public officer (Penal Code § 1465(b)).  On December 16, 1997, Petitioner was sentenced to state prison for a term of ten years and four months.

Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal").  On January 20, 1999, the Court of Appeal issued an opinion finding the Petitioner was precluded from raising his claim on appeal and affirming the judgment.  Petitioner filed a petition for review with the California Supreme Court, which denied the petition on March 24, 1999.

Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on August 18, 2003.  The court denied the petition on April 28, 2004.  Petitioner filed the present petition on June 2, 2004.  Respondent opposes the petition.

**STANDARD OF REVIEW**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107,

1   117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117

2   S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

3   The instant petition was filed on June 2, 2004, after the enactment of the AEDPA, thus it is

4   governed by its provisions.

5   <u>STANDARD OF REVIEW</u>

6        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

7   custody pursuant to the judgment of a State court only on the ground that he is in custody in

8   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

9        The AEDPA altered the standard of review that a federal habeas court must apply

10  with respect to a state prisoner's claim that was adjudicated on the merits in state court.

11  <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

12  habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

13  that was contrary to, or involved an unreasonable application of, clearly established Federal

14  law, as determined by the Supreme Court of the United States;" or "resulted in a decision

15  that was based on an unreasonable determination of the facts in light of the evidence

16  presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123

17  S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v.</u>

18  <u>Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000).

19  "A federal habeas court may not issue the writ simply because that court concludes in its

20  independent judgment that the relevant state-court decision applied clearly established

21  federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather, that

22  application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

23       While habeas corpus relief is an important instrument to assure that individuals are

24  constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

25  (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

26  criminal conviction is the primary method for a petitioner to challenge that conviction.

27

28                                              3

Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Petitioner contends that he was given a sentence which is illegal under state law, and that the Court of Appeal denied his federal right to due process by failing to review the sentence.  Petitioner argues that the California Supreme Court ruled in People v. Buttram, 30 Cal.4th 773 (2003), that cases like his were reviewable on appeal.

On his direct appeal, the Court of Appeal ruled that Petitioner was precluded from raising his claim on appeal because he had pleaded no contest and had not obtained the certificate of probable cause required under Penal Code section 1237.5.  Further, the Court of Appeal held that even if he could appeal without receiving a certificate of probable cause, Petitioner was precluded from raising his claim of double jeopardy by California Rules of Court 412(b), because he  had not raised the claim at the time the agreement was recited on the record.  The California Supreme Court then denied Petitioner's petition for review.

Subsequently, the California Supreme Court issued the decision in People v. Buttram, 30 Cal.4th 773 (2003).  In Buttram, the court found that, absent contrary provisions in the plea agreement itself, a certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence, because such appellate claims do not constitute an attack on the validity of the plea, for which a certificate is necessary.  Id. at 790-91.

In response to the Buttram decision, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, requesting review of his sentence.  The court

4

1    denied the petition on April 28, 2004, without explanation.

2              In his present petition, Petitioner challenges the state court's application of a state

3    sentencing law.    The role of this court on federal collateral review of a state criminal

4    conviction is limited to determining whether the Petitioner's federal constitutional or other

5    federal rights have been violated and does not extend to review a state's application of its

6    own laws.  Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).  Federal courts must defer to

7    the state courts' interpretation of  state sentencing laws.  Estelle v. McGuire, 502 U.S. 62, 67-

8    68 (1991);  Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993).  Absent a showing of

9    fundamental unfairness, a state court's application or misapplication of its own sentencing

10   laws does not generally justify federal habeas relief.  Christian v. Rhode, 41 F.3d 461, 469

11   (9th Cir. 1994).

12             Further, the California Supreme Court's denial of Petitioner's post-Buttram petition

13   was a silent denial, which operates as a decision on the merits.  Hunter v. Aispuro, 982 F.2d

14   344, 348 (9th Cir. 1992).  Thus, contrary to Petitioner's claim, he has not been denied review

15   of his sentence.  Rather, Petitioner presented the challenge to his sentence to the California

16   Supreme Court, which denied it on the merits. When the California Supreme Court's opinion

17   is summary in nature, this court "looks through" that decision and presumes it adopted the

18   reasoning of the Court of Appeal, the last state court to have issued a reasoned opinion. See

19   Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)

20   (establishing, on habeas review, "look through" presumption that higher court agrees with

21   lower court's reasoning where former affirms latter without discussion); see also LaJoie v.

22   Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned

23   state court opinion in determining whether state court's rejection of petitioner's claims was

24   contrary to or an unreasonable application of federal law under § 2254(d)(1)).  The ruling by

25   the California Supreme Court is entitled to deference under the AEDPA, and Petitioner has

26   not carried his burden of showing that the adjudication of the claim "resulted in a decision

27

28                                                    5

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Most glaringly, Petitioner has failed to address the second conclusion reached by the Court of Appeal, i.e., that Petitioner was estopped from raising his claim under California Rules of Court, Rule 412(b).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.


These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   August 22, 2006**                    _____/s/  William M. Wunderlich_____
mmkd34                                           UNITED STATES MAGISTRATE JUDGE

6